IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JESSE WELCH,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM BEN WELCH and CITY OF LA VERKIN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00287-RJS<br><br>Judge Robert J. Shelby |

      This case arises out of events that occurred twenty-five years ago when Plaintiff Jesse Welch was about fourteen years old. Jesse alleges that his father, Defendant William Ben Welch, hired transporters to kidnap him in the middle of the night and take him to Cross Creek Manor, a residential treatment center in La Verkin, Utah, where he was kept in abusive conditions against his will for eighteen months. Jesse now brings claims against Defendant City of La Verkin under 42 U.S.C. § 1983 for violating a number of his federal constitutional rights. Jesse also seeks an order requiring the City to banish all residential treatment centers within city limits because they are a public nuisance. Jesse further asserts that William kidnapped him in violation of an Illinois criminal statute.

      The City and William separately move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b). Pursuant to Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to decide the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. For the reasons stated below, the court grants the motions and dismisses the case.

# BACKGROUND[1]

Jesse, now a thirty-nine year old scientist and resident of New Mexico, grew up in Danville, Illinois. When he was fourteen years old, his father, William, hired transporters to take him from his home in the middle of the night and deliver him to Cross Creek Manor, a residential treatment center in the City of La Verkin, Utah. A residential treatment center provides "a 24-hour group living environment . . . designed to physically restrict a person's ability to leave the program at their own free will."[2] Jesse contends that the City receives taxes and licensing fees from these centers, which "confine and abuse minors for inordinate lengths of time."[3]

Jesse alleges that he was held at Cross Creek against his will and without his consent for eighteen months, during which time he was subject to torture and prison-like living conditions. He asserts that he now suffers from post-traumatic stress disorder, as well as other mental and emotional ailments.

Twenty-five years after his stay at Cross Creek, Jesse filed this action against the City of La Verkin and William. Jesse brings several claims against the City under 42 U.S.C. § 1983, including claims for unlawful search and seizure in violation of the Fourth Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and slavery and involuntary servitude in violation of the Thirteenth Amendment. Jesse also seeks an order requiring the City to banish all residential treatment centers within its limits because they constitute a public nuisance. Finally, Jesse seeks to hold William civilly liable for kidnapping under an Illinois criminal statute.

---

[1] Because this matter is before the court on motions to dismiss, the court accepts as true the well-pleaded factual allegations in Jesse's Complaint, and views those facts in the light most favorable to Jesse as the nonmoving party. *See Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1226 (10th Cir. 2015).
[2] Complaint (Dkt. 1), ¶ 10.
[3] *Id.* ¶ 4.

## LEGAL STANDARD

The City and William both separately move to dismiss under Rule 12(b)(6) for failure to state a claim. The City also moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. To survive a Rule 12(b)(6) motion to dismiss, Jesse must "state a claim upon which relief can be granted," meaning Jesse must allege "enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.'"[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] In performing this analysis, the court is instructed to "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."[6] But the court will not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[7] The same standard applies to the City's motion to dismiss under Rule 12(b)(1).[8]

## ANALYSIS

The City argues that Jesse's § 1983 claims should be dismissed because the applicable statute of limitations has long run, and that Jesse's public nuisance claim should be dismissed because he lacks Article III standing to assert it. William argues that Jesse's kidnapping claim should also be dismissed because the Illinois criminal statute that William allegedly violated does not provide a private right of action. The court addresses each claim in turn.

## I. Jesse's § 1983 Claims Against the City are Time Barred

Jesse asserts several constitutional violations against the City under 42 U.S.C. § 1983.

---

[4] *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011) (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).
[7] *Iqbal*, 556 U.S. at 678.
[8] *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

The City urges the court to dismiss Jesse's § 1983 claims because they are barred by the statute of limitations. The City also seeks reasonable attorneys' fees under 42 U.S.C. § 1988 because Jesse's § 1983 claims are frivolous, unreasonable, and without merit. The court agrees.

### A. The Statute of Limitations

"Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been distinguished.'"[9] State law governs statute of limitations and tolling issues in § 1983 cases.[10] Utah's four-year residual statute of limitations therefore applies.[11] The statute of limitations is tolled during a person's minority.[12]

Jesse's § 1983 claims arise out of his stay at Cross Creek twenty-five years ago, when he was about fourteen years old. Due to his minority, the four-year statute of limitations was tolled until Jesse reached eighteen years of age, roughly twenty-one years ago. As a result, the statute of limitations on Jesse's § 1983 claims ran seventeen years ago.

Jesse argues that statute of limitations should be tolled under Utah's equitable discovery rule because he has been unable to obtain a copy of the Enrollment Contract between William and Cross Creek. According to Jesse, the Enrollment Contract waived all claims against Cross Creek, and the statute of limitations does not begin to run until he is advised by counsel that the agreement is unenforceable as unconscionable.

The statute of limitations may be tolled under the equitable discovery rule "where a plaintiff does not become aware of the cause of action because of the defendant's concealment or

---

[9] *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463, 465 (10th Cir. 2009) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).
[10] *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007).
[11] *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).
[12] Utah Code § 78B-2-108.

4

misleading conduct."¹³ To successfully invoke the rule, a plaintiff must show that he "neither discovered nor reasonably should have discovered the facts underlying the cause of action before the limitations period expired due to the defendant's concealment."¹⁴

Jesse has not shown that he neither discovered nor reasonably could have discovered the facts underlying his § 1983 claims before the four-year limitations period expired due to the City's concealment. His claims arise out of his eighteenth month stay at Cross Creek, of which he was certainly aware. Jesse argues that his claims should be tolled because he was not aware of his ability to assert a cause of action due to the Enrollment Contract's waiver provisions. But "[m]ere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period."¹⁵ Even so, the agreement purportedly waived claims against only Cross Creek—not the City. Jesse has not shown that he did not become aware of the facts underlying his § 1983 claims because of any concealment or misleading conduct attributable to the City. The equitable discovery rule does not apply.

Jesse also appears to argue that the statute of limitations restarts each time a youth is admitted to a residential treatment center in the City because the public nuisance is temporary. But Jesse points to no authority supporting the proposition that the statute of limitations for one person's claims can be tolled by the triggering of the statute for another person's claims. As a result, the court declines to consider this argument. Jesse's § 1983 claims are time barred.

**B. Reasonable Attorneys' Fees under § 1988 Are Warranted**

"[T]he court . . . may allow the prevailing party . . . [in a § 1983 action to recover] a

---

¹³ *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741, 747 (Utah 2005).
¹⁴ *In re Hoopiiaina Trust*, 144 P.3d 1129, 1140 (Utah 2006) (citation omitted) (internal quotation marks omitted).
¹⁵ *Russell*, 108 P.3d at 746.

reasonable attorney's fee as part of the costs."[16] If a defendant is the prevailing party, then "a district court has the discretion to award a defendant attorneys' fees if the plaintiff's action is determined to be frivolous, unreasonable, or without foundation."[17] An action is frivolous if it is "based on an indisputably meritless legal theory, or whose factual contentions are clearly baseless."[18] But the court need not find that a plaintiff proceeded with a § 1983 action in bad faith to award a prevailing defendant reasonable attorneys' fees.[19] And only rare cases will be sufficiently frivolous to justify an award of attorneys' fees.[20]

Jesse's § 1983 claims are frivolous, unreasonable, and without foundation. It should have been readily apparent to him that the applicable four-year statute of limitations expired seventeen years ago. Although he argues that the statute of limitations should be tolled under the equitable discovery rule, he alleges no facts that plausibly show he neither discovered nor reasonably could have discovered the facts underlying his claims before the limitations period expired due to the City's concealment. Further, he offers no legal authority at all in support of his argument that the statute of limitations restarts each time a youth is admitted to a residential treatment center in the City. Because Jesse's § 1983 claims are clearly time barred, the court concludes that his claims are sufficiently frivolous, unreasonable, and without foundation to justify awarding at least some portion of the City's attorneys' fees incurred defending against the § 1983 claims.[21]

## II. Jesse Lacks Article III Standing to Assert his Public Nuisance Claim

Next, the City contends that Jesse does not have Article III standing to seek an order requiring the City to banish all residential treatment centers within city limits. The court agrees.

---

[16] 42 U.S.C. § 1988(b).
[17] *Anthony v. Baker*, 767 F.2d 657, 667 (10th Cir. 1985) (citation omitted) (internal quotation marks omitted).
[18] *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[19] *Anthony*, 767 F.2d at 667.
[20] *Thorpe*, 367 F. App'x at 920 (citing *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995)).
[21] If it chooses to pursue a claim for attorneys' fees, the City may file a separate motion, identifying the amount requested and addressing the reasonableness of the request in view of the controlling standards.

The standing doctrine "is an essential and unchanging part of the case-or-controversy requirement of Article III."[22] Standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction."[23] To establish standing, "a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision."[24] The injury-in-fact requirement of the test "ensure[s] that the plaintiff has a personal stake in the outcome of the controversy."[25] The injury must be "concrete and particularized and actual or imminent, not conjectural or hypothetical."[26] The plaintiff bears the burden to establish that standing existed at the time he filed suit.[27]

Jesse has failed to allege a sufficient injury to establish that he has standing to seek an order requiring the City to banish all residential treatment centers within its limits. In fact, he has pointed the court to no injury in connection with this claim. He instead argues that it is his "undertaking to expose this deprivation [of procedural and substantive due process] by Cross Creek and all other like residential treatment centers presently operating in La Verkin," and that "the minors therein confined cannot leave unless they are liberated by Jesse acting as a private attorney general."[28] He also argues that he "is seeking to protect the interests of mature minors within the zone of interests protected by federal and state constitutional provisions in question," and that he "has a personal stake in proving captives' innocence by showing that everything he

---

[22] *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1234 (10th Cir. 2004) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).
[23] *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation omitted) (internal quotation marks omitted).
[24] *Susan B. Anthony v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (citation omitted) (internal quotation marks omitted).
[25] *Id.* (citation omitted) (internal quotation marks omitted).
[26] *Id.* (citation omitted) (internal quotation marks omitted).
[27] *Brown v. Buhman*, -- F.3d --, 2016 WL 2848510, at *9 (10th Cir. 2016).
[28] Dkt. 10 at 4–5.

here says about the La Verkin industry is true."[29]

These arguments are legally insufficient to demonstrate standing. First, Jesse has identified no authority supporting his position that he has standing as a private attorney general. And second, his claim, which is based on his opposition to residential treatment centers in the City, is an improper attempt to vindicate a general grievance about a governmental entity in federal court.[30] Claiming that a governmental entity violated the Constitution "does not provide a special license to roam the country in search of governmental wrongdoing and to reveal their discoveries in federal court. The federal courts were simply not constituted as ombudsmen of the general welfare."[31] Put simply, Jesse has no personal stake in the outcome of his public nuisance claim, especially because he now lives in New Mexico.

Jesse also argues that he has standing under "alternative standing" as recognized by Utah state courts. A party can prove standing under this theory "by showing that it is an appropriate party raising issues of significant public importance."[32] In urging the court to conclude that he has alternative standing, Jesse overlooks that this state-court theory is borne out of the fact that, "[u]nlike the federal system, the judicial power of the state of Utah is not constitutionally restricted by the language of Article III of the United States Constitution requiring 'cases' and 'controversies,' since no similar requirement exists in the Utah Constitution."[33] Jesse "cannot

---

[29] *Id.* at 7–8.
[30] *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." (citation omitted) (internal quotation marks omitted)); *Raiser v. United States*, 325 F.3d 1182, 1183–84 (10th Cir. 2002) (stating that a "generalized grievance, without any imminent tangible harm, cannot confer standing," and holding that plaintiff's religious objections to the death penalty were insufficient to establish standing).
[31] *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 487 (1982).
[32] *Sierra Club v. Utah Air Quality Bd.*, 148 P.3d 960, 972 (Utah 2006).
[33] *Jenkins v. Swan*, 675 P.2d 1145, 1149 (Utah 1983).

establish standing under Article III under a theory of alternative standing."[34]

Jesse's claim for an order requiring the City to banish all residential treatment centers within city limits is dismissed because Jesse has not alleged a sufficient injury to create standing.

### III. Illinois's Kidnapping Statute Does Not Provide a Private Right of Action

The court now turns to Jesse's claim that William is civilly liable for kidnapping in violation of section 5/10-1 of the Illinois Criminal Code. That provision provides:

> (a) A person commits the offense of kidnapping when he or she knowingly:
>
> (1) and secretly confines another against his or her will;
>
> (2) by force or threat of imminent force carries another from one place to another with intent secretly to confine that other person against his or her will; or
>
> (3) by deceit or enticement induces another to go from one place to another with intent secretly to confine that other person against his or her will.[35]

William urges the court to dismiss Jesse's claim against him because there is no private right of action under the statute. As an initial matter, the court must first determine whether Utah or Illinois law governs the court's analysis of the issue. Although the court ordinarily applies the conflict-of-laws rules of Utah (the forum state) in diversity actions,[36] the parties appear to agree that Illinois law controls whether a private right of action exists under the statute.

Under Illinois law, a statute may expressly or impliedly create a private right of action.[37] Because the kidnapping statute does not expressly provide for a private right of action, the court

---

[34] *Doyle v. Jewell*, 2015 WL 1609132, at *4 (D. Utah Apr. 10, 2015).
[35] 720 Ill. Comp. Stat. 5/10-1(a).
[36] *Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1310 (10th Cir. 2014). Utah courts apply the "most significant relationship" test to determine which law applies to a tort claim. *Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994). In applying the test, a court should consider four factors: "(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered." *Id*. As stated, the court does not engage in this analysis because the parties appear to agree that Illinois law controls whether a private right of action exists under section 5/10-1 of the Illinois Criminal Code.
[37] *Fisher v. Lexington Health Care, Inc.*, 722 N.E.2d 1115, 1117 (Ill. 1999).

turns to the four factors Illinois courts consider when determining whether a statute impliedly contains a private right of action:

> Implication of a private right of action is appropriate if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute.[38]

Jesse has not attempted to argue that these four factors weigh in favor of recognizing an implied private right of action under the kidnapping statute. He instead argues that, based on the Illinois common law right to perform a citizen's arrest,[39] a "private right of action to challenge kidnapping does not have to be implied from the kidnapping statute as it is a common law right already reflected in Illinois law to which any conflicting law addressing the existence of an implied private right of action is subject."[40] Notwithstanding that he points to no authority in support of his argument, the Illinois Court of Appeals has held that "[t]he [Illinois] Criminal Code creates no civil cause of action for a violation of its provisions."[41]

What's more, adopting Jesse's argument that a private right of action already exists under the common law, and need not be implied under the factors listed above, would both usurp the Illinois legislature's intent that a private right of action does not exist for every criminal offense, and violate the oft-cited instruction that courts should interpret statutes in a manner that avoids rendering other statutes superfluous.[42] The Illinois legislature has created a private right of action for some criminal offenses, but not others. For example, the Illinois legislature expressly

---

[38] *Id.* at 1117–18.
[39] Section 5/107-3 of the Illinois Criminal Code states that "[a]ny person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed." 725 Ill. Comp. Stat. 5/107-3.
[40] Dkt. 9 at 3.
[41] *Dixon v. McGuire*, 2014 Ill. App. 3d 120727-U, at *2 (Ill. App. Ct. 2014).
[42] *See, e.g., People v. Jones*, 824 N.E.2d 239, 242 (Ill. 2005) (stating that a statute should be "read as a whole and construed so that no part of it is rendered meaningless or superfluous").

grants victims of major sex offenses a private right of action against their convicted offenders.[43] But under Jesse's theory, this express, statutory grant of a private right of action to victims would be meaningless because the right would have already existed under the common law. This cannot be so.

Jesse has not met his burden to show that a private right of action exists under the Illinois criminal kidnapping statute. Jesse's kidnapping claim against William is dismissed.

## CONCLUSION

The City's Motion to Dismiss is GRANTED. (Dkt. 4.) William's Motion to Dismiss is also GRANTED. (Dkt. 5.) The Clerk of Court is directed to close the case.

SO ORDERED this 5th day of July, 2016.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[43] *See* 720 Ill. Comp. Stat. 5/11-1.80.